CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 12, 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS D. HOWARD, | ) |
| Plaintiff, | ) Civil Action No. 7:17cv00281 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| PULASKI COUNTY D.S.S. and | ) Chief United States District Judge |
| MICHAEL GUERRA, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Douglas D. Howard filed the instant complaint against the Pulaski County D.S.S. and Michael Guerra, seeking leave to proceed in forma pauperis. Because he appears to be indigent, the court will **GRANT** Howard's motion to proceed in forma pauperis. However, after reviewing the complaint, the court will **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In his complaint, Howard alleges that on April 12, 2017, he was pulled over and the Pulaski County D.S.S. was called to the scene. Howard claims that Michael Guerra administered a urine test "right there on the spot in front of God and everyone that was passing by on the road," and that, as a result, Howard is now unable to use any public restrooms. He seeks $3 million in

1

damages and wants Michael Guerra to resign and "never work with any D.S.S. again." Compl., ECF No. 2.

The court is mindful of its obligation to construe pro se filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this liberal construction requirement does not mean the court can ignore a clear failure to allege facts setting forth a cognizable claim. See Weller v. Dep't of Soc. Serv., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be properly addressed."). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see generally id. at 684-87 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Howard appears to be asserting a violation of his civil rights, which the court will construe as a claim brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) a violation of a constitutional right (2) by a person acting under color of state law. Howard fails to articulate what constitutional rights he claims were violated when Michael Guerra allegedly administered a urine screen on the side of the road. Howard does not explain why Guerra, presumably an employee or agent of the Pulaski County D.S.S. (although Howard does not allege that he is), was called to the scene or why Guerra administered a urine screen or how the production of the urine sample was monitored. Simply put, Howard fails to state a § 1983 claim for which relief can be granted. Howard

identifies no constitutional violation, nor does he allege sufficient facts from which the court can find he states a viable claim that this urine screen and/or Guerra's actions fell outside of constitutional bounds.[1]

Moreover, courts in this district have found that local social services boards and their departments are arms of the state under Virginia law and are therefore shielded from liability in suits for damages by the Eleventh Amendment. See Bell v. Charlottesville Dep't of Child Protective Servs., No. 3:15CV00031, 2015 WL 5316769 (W.D. Va. Sept. 11, 2015); Kincaid v. Anderson, No. 1:14CV00027, 2015 WL 3546066 (W.D. Va. June 8, 2015); Nelson v. Herrick, No. 3:11cv00014, 2011 WL 5075649 (W.D. Va. Oct. 26, 2011); Doe v. Mullins, No. 2:10cv00017, 2010 WL 2950385 (W.D. Va. July 22, 2010): see also Perry v. Carter, No. CIVA297-CV-893, 1998 WL 1745365 (E.D. Va. July 27, 1998). In any event, Howard cannot maintain a § 1983 action against the Pulaski County D.S.S. because it is not a person subjection to suit under § 1983. See Sons v. Trompeter, No. 7:12CV00264, 2012 WL 2450563 (W.D. Va. June 27, 2012); Mullins, 2010 WL 2950385, at *1; see also Lewis v. Div. of Child Support Enforcement, No. 3:10cv894, 2013 WL 5322830 (E.D. Va. Sept. 23, 2013).

Because Howard's complaint fails to state a claim upon which relief can be granted and/or seeks monetary relief from a defendant that is immune from suit, the court will dismiss his case pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate Order will be entered.

---

[1] Guerra also may enjoy qualified immunity and be shielded from liability under § 1983 for performance of his official duties, provided they did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Howard's complaint is so wholly lacking in factual allegations, however, that the court cannot determine whether Howard is alleging that Guerra is an employee of D.S.S., whether he was acting in his official capacity when he administered the urine screen, and whether his actions violated a clearly established constitutional right.

3

Entered: 07-12-2017

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge